UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| MUSEUM OF AMERICAN JEWISH | : | |
| HISTORY D/B/A/ NATIONAL MUSEUM OF | : | BANKR. NO. 20-11285 (MDC) |
| AMERICAN JEWISH HISTORY, | : | |
| | : | |
| Debtor | : | |

**UNITED STATES TRUSTEE'S OBJECTION TO
DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS
AUTHORIZING THE DEBTOR TO (I) CONTINUE CASH MANAGEMENT
SYSTEM, (II) WAIVING CERTAIN UNITED STATES TRUSTEE
REQUIREMENTS AND (III) GRANTING RELATED RELIEF**

The United States Trustee ("UST"), by and through counsel, objects to the Debtor's Motion for Entry of Interim and Final Orders Authorizing the Debtor to (I) Continue Cash Management System, (II) Waiving Certain United States Trustee Requirements and (III) Granting Related Relief, said objection being based on the following:

1. Andrew R. Vara is United States Trustee for Region 3.

2. The UST has standing to be heard under Section 307 of the Bankruptcy Code.

3. The Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on March 2, 2020 and is operating its organization and managing its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtor filed the above-referenced Motion seeking interim and final Orders authorizing the debtor to continue (I) its cash management system, (II) waiving certain United States Trustee Requirements and (III) granting related relief.

5. The UST objects to those requests in the Motion by the Debtor that seek to waive the provisions of Section 345 (b) of the Bankruptcy Code.

6. Specifically, the UST objects to the Debtor's Motion seeking a waiver of Section 345(b) with respect to funds held in a Charles Schwab investment account ("Brokerage Account") and funds held in non-authorized depositories that do not adequately collateralize funds.

7. The UST avers that the funds held in the Brokerage Account and in non-authorized depositories are at risk of loss which may cause irreparable harm to the estate.

8. Section 345(b) of the Bankruptcy Code imposes certain requirements as to where estate funds can be held in order to protect the funds for the benefit of all creditors. Unless a deposit or investment is insured or guaranteed by the United States (or a federal department, agency, or instrumentality) or backed by the full faith and credit of the United States, the trustee or debtor in possession must require from an entity with estates funds which are deposited to post a bond in favor of the United States or, in the alternative, deposit securities of the type specified in section 9303 of title 31 of the United States Code as security for the investment or deposit. *See* 11 U.S.C.§345(b). *Id.* Section 345(a) of the Bankruptcy Code requires the trustee or a debtor in possession to deposit or invest money of the estate so that it will result in the "maximum reasonable net return…[while] taking into account the safety of such deposit or investment." Section 345(b) requires that estate funds be deposited or invested so as to ensure that the funds are protected for the benefit of creditors. *See* 11 U.S.C§345(b). A court may waive the requirements of §345 upon the showing of "cause." *Id.*

Generally, unless the funds are insured, guaranteed, or backed by the full faith and credit of the United States Government or its agencies, the institution holding the estate funds

must post a bond in favor of the United States or, in the alternative, deposit securities pursuant to 31 U.S.C.§9303 as security. To ensure that trustees and debtors in possession meet their responsibilities to safeguard funds in accordance with Section 345, the United States Trustee monitors fiduciaries and depositories, and requires that chapter 11 estate assets be held in debtor-in-possession accounts at "authorized depositories," *i.e.,* those that have entered into a Uniform Depository Agreement with the United States Trustee.  *See* United States Trustee Program Policy and Practices Manual, Volume 7, "Banking and Bonding," (Manual"), §71-.1, pp.1-2, at http://www.justice.gov/ustfile/volume_7_banking_and_bonding.pdf/download.

        The Uniform Depository Agreement between the depository and the United States Trustee ("UDA") requires the depository to maintain collateral, unless an order of the bankruptcy court provides otherwise, in an amount of no less than 115 percent of the aggregate bankruptcy funds on deposit in each bankruptcy estate that exceeds FDIC insurance limit. Pursuant to the UDA, each authorized depository is required to provide quarterly reports for all bankruptcy estate accounts on deposit at all branches of the depository within the district.  *See* Manual, § 7-1.3.2, p.6. *See* Manual, § 7-1.2.1,9.2. The Manual also states that under no circumstances should a chapter 11 debtor, trustee or examiner establish accounts in financial institutions or depositories outside the United States without prior approval of the United States Trustee or the bankruptcy court. *See* Manual, §7-1.2.3, pp. 4-5.

    9.    The Debtor has not demonstrated cause to waive the requirement of Section 345(b).  See *In re Ditech Holding Corporation, et al*. 2019 WL 2612718 Bankr. Ct. (S.D.NY) 2019.  In the Please Touch Museum case filed in the Eastern District of Pennsylvania, Bk. No.15-16558jkf, the debtor also sought to waive the requirements of Section 345(b) with respect to funds held in an investment account practically identical to the Brokerage Account. In

that case Judge FitzSimon specifically ordered the debtor to move and deposit the funds in the investment account to an approved account pursuant to section 345 of the Bankruptcy Code. (Order dated September 15, 2015 Docket No.53).

       WHEREFORE, the United States Trustee requests that the Objection be sustained and for all the relief that is appropriate. The UST also reserves the right to supplement this objection at the hearing.

       Respectfully submitted,

       ANDREW R. VARA
       United States Trustee
       for Regions 3 and 9

       By: _/s/ Kevin P. Callahan_____
       Kevin P. Callahan
       Trial Attorney
       Office of the U.S. Trustee
       200 Chestnut Street, Suite 502
Dated: March 20, 2020       Philadelphia, Pennsylvania 19106
       Telephone: (215) 597-4411