# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| Museum of American Jewish History, d/b/a National Museum of American Jewish History | : Case No. 20-11285 (MDC) |
| | : |
| Debtor. | : |

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER DETERMINING THE VALUE OF THE DEBTOR'S REAL PROPERTY

The above-captioned debtor and debtor in possession (the "Debtor" or the "Museum") hereby moves (this "Motion") the Court for the entry of an order substantially in the form of the proposed order submitted herewith determining the value of the Debtor's real property, which is asserted to be collateral with respect to the Series 2015A and Series 2015B bonds. In support of this Motion, the Debtor respectfully states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule based predicates for the relief requested herein are section 506 of the Bankruptcy Code and Bankruptcy Rule 3012.

### BACKGROUND

4. The Museum is a Pennsylvania non-profit corporation that operates a history museum presenting educational and public programs that preserve, explore and celebrate the history of Jews in America. The Museum is located on Independence Mall at 101 South Independence Mall East, Philadelphia, PA.

-2-

5. On March 1, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief with the Court under chapter 11 of title 11 of the Bankruptcy Code. The Debtor is operating its organization and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this chapter 11 case (the "Chapter 11 Case") and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

6. The factual background relating to the Debtor's commencement of this Chapter 11 Case is set forth in detail in the Declaration of Paul Waimberg In Support of First Day Motions (the "First Day Declaration") filed on March 1, 2010 [Dkt. No. 17] and incorporated herein by reference.

7. On June 23, 2020, the Debtor filed a First Amended Plan of Reorganization (the "Plan") and a related Disclosure Statement. The Plan provides for the reorganization of the Debtor and the resolution of all outstanding Claims against, and Interests in, the Debtor.

8. UMB Bank serves as Indenture Trustee with respect to the Series 2015A and Series 2015B Bonds. An important issue with respect to confirmation of the Plan is the value of the Debtor's real estate, which the Indenture Trustee asserts is collateral for the Class 3A (Series 2015A Bonds) and Class 3B (Series 2015B Bonds) claims.

9. The Class 3A and Class 3B claimants have not filed any proofs of claim in this case to date. On information and belief, the Class 3A and Class 3B claimants assert a lien on the real property of the Debtor, located at 101 South Independence Mall East, Philadelphia, PA (the "Real Property"), and on certain personal property of the Debtor (the "Personal Property").

10. The Debtor obtained an appraisal of the Real Property from Valbridge Property Advisors in September 2019 which valued the Real Property at $10,150,000. Since that time,

121429404_1

real property values in Center City Philadelphia have been impacted by factors relating to COVID–19, including but not limited to a decreased demand for office space.  Accordingly, the Real Property is now appropriately valued at $10,150,000 or less.

11.     On information and belief, UMB Bank, as trustee for the Series 2015A and Series 2015B Bonds, and BNB Bank, as the holder of the Series 2015A Bond, assert that the Real Property is valued at approximately $29,900,000 based on an appraisal of the Real Property obtained by BNB Bank from Newmark Knight Frank in January 2018.  BNB Bank also obtained an appraisal of the Real Property from CBRE just a month prior to the Newmark Knight Frank appraisal.  The CBRE appraisal valued the Real Property at $6,250,000..

12.     Because the parties ascribe vastly different values to the Real Property, the value of the Real Property is a critical issue with respect to confirmation of a plan.

13.     Although the parties also likely disagree as to the value of the Personal Property, the value of the Personal Property is not nearly as significant an issue for purposes of confirmation as the value of the Real Property.

14.     By this Motion, the Debtor requests that the Court determine the value of the Real Property only in advance of confirmation of the Plan.  The Debtor intends that the value of the Personal Property will be determined at the hearing to consider confirmation of the Plan.

15.     Bankruptcy Rule 3012 provides as follows:

> Determination of amount of claim. On request by a party in interest and after notice – to the holder of the claim and any other entity the court designates – and a hearing, the court may determine:
>
> (1) the amount of a secured claim under § 506(a) of the Code; or
>
> (2) the amount of a claim entitled to priority under § 507 of the Code.
>
> Fed. R. Bankr. P. 3012.

16. Section 506(a)(1) of the Bankruptcy Code provides as follows:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a)(1).

Thus, section 506(a) divides allowed claims into two classes: "secured and unsecured portions, with the secured portion[s] of the claim[s] limited to the value of the collateral." In re Heritage Highgate, Inc., 679 F.3d 132, 140 (3d Cir. 2012) (citing Associates Commercial Corp. v. Rash, 520 U.S. 953, 961 (1997)). To the extent a secured claim exceeds the value of the collateral, it deemed to be unsecured. Id.

## **NOTICE**

17. This Motion has been served upon: (a) the Clerk's service list; (b) UMB Bank; (c) BNB Bank; and (d) counsel to the holders of the Series 2015B Bonds. The Debtor submits that good and sufficient notice of this Motion has been provided and that no other or further notice is necessary.

-5-

WHEREFORE, the Debtor respectfully requests that this Court enter an Order in the form submitted herewith determining the value of the Real Property and granting such other and further relief as is just and proper.

Dated: July 23, 2020

/s/ Peter C. Hughes
**DILWORTH PAXSON LLP**
Lawrence G. McMichael
Peter C. Hughes
Yonit A. Caplow
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7000
Facsimile: (215) 575-7200

*Counsel for the Debtor and Debtor in Possession*